UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

KEVIN WILLIAMS,

                Plaintiff,             Case No. 1:09-cv-590

v.                                             Honorable Janet T. Neff

CASS COUNTY SHERIFF
DEPARTMENT et al.,

                Defendants.
_____/

**OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed for failure to state a claim.

**Discussion**

I. Factual allegations

Plaintiff's complaint concerns the conditions of his confinement at the Cass County Jail. In his *pro se* complaint, he sues the Cass County Sheriff Department; Sheriff Joseph Underwood; Under Sheriff Richard Behnke; Captain (unknown) Affressio; Sergeant K. Garretts; Sergeant W. Gless; Officer (unknown) Giding; Sergeant (unknown) Johnson; and Officers M. Bradly, S. Pollock, (unknown) Shoup, (unknown) Affressio, (unknown) Appoloni, (unknown) Jackson, (unknown) McCoy, (unknown) Torbert.

Plaintiff has been incarcerated in the Cass County Jail since February 2009. In Claim I, Plaintiff asserts that he is not being provided with proper medical treatment at the Jail. Plaintiff does not explain his medical condition(s) other than to allege that he has high blood pressure and "stage 3 kidney failure because of the Defendant(s) interference." (Compl., 1, docket #1-3.) Plaintiff further claims that since his arrival at the Jail, Officers Gidings, Bradly, Pollock, McCoy, Shoup, Affressio, Jackson and Appoloni have distributed his medications in an untimely manner. He also alleges that the officers never wore gloves while handling the medication and if there was anything wrong with the medication, the Officers told Plaintiff to kite the nurse. Plaintiff claims that he sent numerous kites and filed grievances concerning the lack of medical care, but no corrective action was taken.

In Claim II, Plaintiff alleges that on March 2, 2009, he made requests to Captain Affressio and Sheriff Underwood for an emergency call button inside of his cell. Plaintiff claims that an emergency call button was necessary due to his medical condition and frequent medical emergencies, e.g., "high blood pressure, wrong meds and dosages and not getting all of my

medications, shaking, sweating, dizziness, white lights in eyes and passing out." (Compl., docket #1-3, at 7.) After waiting a month with no response, Plaintiff filed a grievance on April 5, 2009, claiming that he needed an emergency call button because he suffers from severe high blood pressure. (*See* 4/5/09 Grievance Form, docket #1-4, at 13.) On April 22, 2004, Plaintiff was moved to a different cell with an emergency call button. Plaintiff alleges that Defendants failed to inform him that he was being moved to A-Block, which he refers to as "the hole." According to Plaintiff, he was moved to A-Block from a cell in B-Block where there was a table, television, shower and no bright lights shining in his eyes 24 hours a day. Plaintiff contends that being moved to a worse cell block was a form of punishment.

Plaintiff alleges in Claim III that while he was incarcerated in B-Block, he was placed in a cell with ants. Plaintiff alleges that Officers Gidings, Shoup and Appoloni forced him into the cell even after Plaintiff pointed out the ants on the floor. The officers had the floor cleaned with bleach water to kill the ants, but they came back the same day. Plaintiff requested a grievance form, complaining that the ants were crawling on him and biting him. (*See* 3/2/09 Inmate Request Form, docket #1-4, at 15.) Plaintiff subsequently filed a grievance on April 5, 2009. On the morning of April 22, 2009, the same day that Plaintiff was moved to A-Block, an exterminator sprayed Plaintiff's cell.

      II.    <u>Failure to state a claim</u>

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include

more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

    A.    **Denial of Medical Care**

The Eighth Amendment prohibits the infliction of cruel and unusual punishment against those convicted of crimes. U.S. Const. amend. VIII. The Eighth Amendment obligates prison authorities to provide medical care to incarcerated individuals, as a failure to provide such care would be inconsistent with contemporary standards of decency. *Estelle v. Gamble*, 429 U.S. 102, 103-04 (1976). The Eighth Amendment is violated when a prison official is deliberately indifferent to the serious medical needs of a prisoner. *Id.* at 104-05; *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001).

A claim for the deprivation of adequate medical care has an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To satisfy the objective component, the plaintiff must allege that the medical need at issue is sufficiently serious. *Id.* In other words, the inmate must show that he is incarcerated under conditions posing a substantial risk

of serious harm. *Id.* The objective component of the adequate medical care test is satisfied "[w]here the seriousness of a prisoner's need[ ] for medical care is obvious even to a lay person." *Blackmore v. Kalamazoo County*, 390 F.3d 890, 899 (6th Cir. 2004). If, however the need involves "minor maladies or non-obvious complaints of a serious need for medical care," *Blackmore*, 390 F.3d at 898, the inmate must "place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment." *Napier v. Madison County, Ky.*, 238 F.3d 739, 742 (6th Cir. 2001).

The subjective component requires an inmate to show that prison officials have "a sufficiently culpable state of mind in denying medical care." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000) (citing *Farmer*, 511 U.S. at 834). Deliberate indifference "entails something more than mere negligence," *Farmer,* 511 U.S. at 835, but can be "satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id.* Under *Farmer*, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

Plaintiff broadly asserts that he is being denied medical treatment at the Cass County Jail, but provides little factual support for his claim other than his conclusory allegation that he has high blood pressure and "stage 3 kidney failure because of the Defendant(s) interference." (Compl., 1, docket #1-3.) Assuming Plaintiff can satisfy the objective component for an Eighth Amendment claim, he cannot satisfy the subjective component. None of the named Defendants are medical personnel and Plaintiff does not specifically allege how any of the Defendants have denied him necessary medical treatment other than his allegations that Officers Gidings, Bradly, Pollock, McCoy, Shoup, Affressio, Jackson and Appoloni distributed his medications in an untimely manner.

While a complaint need not contain detailed factual allegations, a plaintiff's

allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555. The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. The court need not accept "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements . . . ." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Ashcroft*, 129 S. Ct. at 1950 (quoting FED. R. CIV. P. 8(a)(2)). With the exception of his claim regarding the untimely delivery of his medications, which is discussed below, Plaintiff fails to allege sufficient facts to state a plausible claim for relief against any of the named Defendants for denial of medical treatment.

Plaintiff claims that Officers Gidings, Bradly, Pollock, McCoy, Shoup, Affressio, Jackson and Appoloni distributed his medications in an untimely manner. He further alleges that the Officers never wore gloves while handling the medication and if there was anything wrong with the medication, they told Plaintiff to kite the nurse. While Plaintiff generally asserts that the medications were delivered in an untimely manner, he does not allege how often his medications were late, how late they were delivered or that he suffered any adverse effects as a result of the alleged untimely delivery. Likewise, Plaintiff does not allege how the Officers' failure to wear gloves while handling the medication created a substantial risk of serious harm. Moreover, instructing Plaintiff to contact nursing staff if he had questions regarding his medication did not constitute deliberate indifference, as the Defendant Officers were not qualified medical personnel.

Accordingly, Plaintiff fails to state an Eighth Amendment claim arising from the alleged denial of medical treatment.

B.  **Emergency Call Button**

Plaintiff also claims that he was placed in a cell without an emergency call button. He contends that an emergency call button was necessary due to his medical condition and frequent medical emergencies. The failure to provide an emergency call button, standing alone, does not constitute deliberate indifference. *See Parsons v. Wilkinson*, No. 97-3011, 1998 WL 791810, at *2 (6th Cir. Nov. 4, 1998). In this case, Plaintiff does not allege any specific instance in which he was unable to summon help during a medical emergency. Moreover, Plaintiff was moved to a cell with an emergency call button on April 22, 2004, seventeen days after he filed his grievance. Plaintiff has not alleged facts showing that any of the named Defendants knew of and disregarded an excessive risk to his health or safety. *See Farmer*, 511 U.S. at 837. Because the facts as alleged do not satisfy the subjective component of an Eighth Amendment claim, Plaintiff fails to state a claim arising from his placement in a cell without an emergency call button.

Plaintiff complains that Defendants failed to inform him that he was being moved to "the hole." According to Plaintiff, he was moved to A-Block from a cell in B-Block where there was a table, television, shower and no bright lights shining in his eyes 24 hours a day. Plaintiff contends that being moved to a worse cell block was a form of punishment. The Eighth Amendment prohibits punishments that are not only physically barbaric, but also those which are incompatible with "the evolving standards of decency that mark the progress of a maturing society," or which "involve the unnecessary and wanton infliction of pain." *Estelle v. Gamble*, 429 U.S. 97, 102-103(1976). To establish an Eighth Amendment claim, the prisoner must show that he was deprived of the "minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347

(1981). Restrictions that are restrictive or even harsh, but are not cruel and unusual under contemporary standards, are not unconstitutional. *Id.* Thus, federal courts may not intervene to remedy conditions that are merely unpleasant or undesirable.

First, Plaintiff asked to be placed in a cell with an emergency call button. Second, although it is clear that Plaintiff was denied certain privileges and amenities as a result of his placement in A-Block, he does not allege or show that he was denied basic human needs and requirements. The Sixth Circuit has held that without a showing that basic human needs were not met, the denial of privileges as a result of administrative segregation cannot establish an Eighth Amendment violation. *See Bradley v. Evans*, No. 98-5861, 2000 WL 1277229, at *8 (6th Cir. Aug. 23, 2000), *cert. denied*, 531 U.S. 1023 (2000); *Collmar v. Wilkinson*, No. 97-4374, 1999 WL 623708, at *3 (6th Cir. Aug.11, 1999). Moreover, Plaintiff cannot not bring an Eighth Amendment claim for emotional or mental damages because he does not allege a physical injury from his placement in A-Block. *See* 42 U. S.C. §1997e(e); *see also Hudson*, 503 U.S. at 5; *Watson v. McClanahan*, No. 99-6124, 2000 WL 922899, at *2 (6th Cir. June 27, 2000); *Benson v. Carlton*, No. 99-6433, 2000 WL 1175609, at *1 (6th Cir. Aug. 9, 2000). As such, Plaintiff fails to state an Eighth Amendment claim arising from his placement in A-Block.

To the extent Plaintiff's allegations suggest that Defendants retaliated against him for complaining and filing grievances by moving him to a less desirable cell in A-Block, he also fails to state a claim. Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir.1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at

least in part, by the protected conduct. *Thaddeus-X*, 175 F.3d at 394. Moreover, a plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

Even assuming Plaintiff could satisfy the first two requirements for a retaliation claim, he fails to allege sufficient facts from which the Court can draw a reasonable inference that the alleged adverse action was motivated by Plaintiff's complaints or grievances. *Ashcroft*, 129 S. Ct. at 1949. Plaintiff does not dispute that his move to A-Block resolved his complaint that his cell in B-Block had ants and his request for a cell with an emergency call button. Thus, Plaintiff was moved to resolve his grievances, not to punish him for filing grievances. Moreover, "conclusory allegations of retaliatory motive 'unsupported by material facts will not be sufficient to state . . . a claim under § 1983.'" *Harbin-Bey*, 420 F.3d at 580 (quoting *Gutierrez v. Lynch*, 826 F.2d 1534, 1538-39 (6th Cir. 1987)); *see also Skinner v. Bolden*, 89 F. App'x 579, 579-80 (6th Cir. 2004) (without more, conclusory allegations of temporal proximity are not sufficient to show a retaliatory motive); *Birdo v. Lewis*, No. 95-5693, 1996 WL 132148, at *1 (6th Cir. Mar. 21, 1996); *Fields v. Powell*, No. 94-1674, 1995 WL 35628, at *2 (6th Cir. Jan. 30, 1995); *Williams v. Bates*, No. 93-2045, 1994 WL 677670, at *3 (6th Cir. Dec. 2, 1994). Plaintiff has not presented any facts to support his conclusion that Defendants retaliated against him because he complained or filed grievances. Accordingly, he fails to state a claim for retaliation.

C. **Ants**

Finally, Plaintiff claims that he was placed in a cell that was infested with ants. Plaintiff does not allege the date that he was moved into the cell, but he requested a grievance form on March 2, 2009. Plaintiff filed a grievance on April 5 and was moved out of the cell on April 22,

2009. The exterminator sprayed the cell the same day that Plaintiff moved out. Ostensibly, a prisoner could not be in the cell when it was sprayed with insecticide. While unpleasant, the alleged conditions were not below the constitutional standard of "the minimal civilized measures of life's necessities." *See Rhoades*, 452 U.S. at 347; *see also Sanders v. Smith*, 1993 WL 94077, at *1 (6th Cir. 1993) (prisoner's six-day stay in a segregation cell that did not have hot water or adequate ventilation and was infested with roaches did not violate the Eighth Amendment); *Brown v. Withrow*, 1993 WL 15141, at *1 (6th Cir. Jan. 22, 1993) (prisoner's four-day stay in a detention cell that did not have adequate bedding or hot water and was infested with rats, roaches and ants did not violate the Eighth Amendment); *Wilson v. Schomig*, 863 F.Supp. 789, 794-95 (N.D. Ill. 1994) (allegations that the plaintiff's "cell contained dirt, dust and roaches, and that his ceiling leaked during rainstorms" are "not sufficiently serious" to violate the Eighth Amendment). Moreover, Plaintiff was moved to another cell seventeen days after he filed his grievance and the cell was treated by an exterminator. Consequently, Plaintiff cannot show that Defendants disregarded an excessive risk to his health or safety.

## **Conclusion**

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore*, 114 F.3d at 611. For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $455.00 appellate filing fee pursuant to

§ 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $455.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Dated: July 30, 2009                     /s/ Janet T. Neff
                                         Janet T. Neff
                                         United States District Judge